Where judgment recovered by executors has been paid, and affirmed by the appellate division, and no appeal has been taken to the court of appeals, the surrogate will not, on judgment defendant's objection to the judicial settlement of the executors, postpone such settlement, and permit her to review the judgment against her, though time to appeal to the court of appeals has not expired.

2. SURROGATE—JURISDICTION.

Code Civ. Proc. § 2745, gives the surrogate no power to adjudicate that one against whom executors have obtained a judgment, and who has paid the same, is entitled to recover the money so paid.

In the matter of the accounting of Gilbert P. Truslow and Ann Augusta Smith, executors of Phebe P. Birch. Certain creditors object. Overruled.

Burr, Coombs & Wilson, for executors.

Richard Krause, for contestant.

John A. Clarry, special guardian.

CHURCH, S. The only objections to the settlement of this account proceed from a person claiming to be a creditor. It appears that this contestant has been sued by the executors in this state, and judgment duly granted in their favor. The contestant has paid the amount of this judgment to the executors. The judgment has been duly affirmed by the appellate division, but no appeal has as yet been taken to the court of appeals, although the one-year period in which the contestant could have taken such appeal has not yet elapsed. The contestant contends that this judgment was a void judgment, on the ground that it was based upon a previous judgment obtained by service without the state, and that, therefore, the estate is really indebted to her for this amount of money. The cases quoted by the contestant none of them sustain the contention which she makes at the present time, and the suggestion that when a judgment has been obtained between parties in the courts of record in this state, which judgment has been duly affirmed by our appellate court, the parties can review the entire matter in the surrogate's court, and that the surrogate has power to hold that such judgment is void, is certainly a novel one, and, to my mind, absolutely without any authority. There is, therefore, no authority for me to adjudicate that the contestant is entitled to this money, and to direct the executors to pay the same. Nor does the contestant come within the provisions of section 2745 of the Code of Civil Procedure. That section was intended to cover the case of a person who had a claim against the decedent which was in litigation at the time of the settlement of the account. As the settlement of an account of this character is purely a statutory proceeding, I find there is no warrant or authority which would permit me to delay the settlement of this account, or compel the executors to retain an amount of money sufficient to pay the contestant if the contestant should suc-

ceed in her appeal. On the contrary, and particularly should this be the case where it appears that this contestant had two adverse decisions on this matter in the courts of our state, but yet has not availed herself of her privileges by promptly taking an appeal. The objections of the contestant to the account are therefore overruled, and a decree may be entered settling the account as presented.

Objections overruled, and account settled as presented.